UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00- 1 1.22 CR-SEITZ**

CASE NO.

18 USC § 1956(a)(3)(B)
18 USC § 2
18 USC § 982

MAGISTRATE JUDGE
GAITER

UNITED STATES OF AMERICA

       Plaintiff,

v.

IRVIN DAVID,

       Defendant.

_____/

FILED by _____

00 DEC 15 PM 3 26

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FL.- MIAMI

## INFORMATION

The United States Attorney:

## COUNT I

From on or about October 12, 2000, to on or about October 19, 2000, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**IRVIN DAVID,**

with the intent to conceal and disguise the nature, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce involving property, that is, four hundred thousand dollars ($400,000) in United States currency, represented by an undercover law enforcement officer or other authorized individual to be the proceeds of specified unlawful activity, that is, interstate and international prostitution, in violation of Title 18,

#10
H^

United States Code, Sections 1952 and 2421.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## FORFEITURE

As a result of the foregoing offense alleged in Count I of this Information, herein alleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982, the defendant,

### IRVIN DAVID,

shall, upon conviction of such offense, forfeit to the United States all property, real or personal, involved in such offenses and all property traceable to such property, including but not limited to the following:

- A 1999 Hummvee, Vehicle Identification Number 137ZA8434XE184639,

- United States Currency in the amount of $150,000.

2.      If any of the forfeitable property described in the forfeiture section of the Indictment, as a result of any act or omission of the defendant, IRVIN DAVID:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third person:

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty; it is
the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1),
to seek forfeiture of any other property of said defendant up to the value of the above-
described forfeitable property.

All in accordance with Title 18, United States Code, Section 982(a)(1).


GUY A. LEWIS
UNITED STATES ATTORNEY


RICHARD D. GREGORIE
ASSISTANT UNITED STATES ATTORNEY/SLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA  00 - CASE No. 1122 CR - SEITZ

v.

**CERTIFICATE OF TRIAL ATTORNEY***

MAGISTRATE JUDGE

__IRVIN DAVID__

**Court Division:** (Select One)

| | | | |
|---|---|---|---|
| **XXX** | Miami | ___ | Key West |
| ___ | FTL | ___ | WPB ___ FTP |

**Superseding Case Information:**     GARBER
New Defendant(s)           Yes ___  No ___
Number of New Defendants   ___
Total number of counts     ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:      (Yes or No) ____NO____
   List language and/or dialect _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | **XXXX** | | Petty | ___ |
| II | 6 to 10 days | ___ | | Minor | ___ |
| III | 11 to 20 days | ___ | | Misdem. | ___ |
| IV | 21 to 60 days | ___ | | Felony | **XXXX** |
| V | 61 days and over | ___ | | | |

6. Has this case been previously filed in this District Court? (Yes or No) ___
   If yes:
   Judge: _____      Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) ____YES____
   If yes:
   Magistrate Case No. ____00-3631-TURNOFF____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No) _____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes _X_ No   If yes, was it pending in the Central Region? _ Yes _X_ No

8. Did this case originate in the Narcotics Section, Miami? __ Yes _X_ No

_Richard D. Gregorie_
RICHARD D. GREGORIE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0549495

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

**00- 1122** CR - SEITZ

Defendant's Name:  **IRVIN DAVID**                    No. _____

MAGISTRATE JUDGE
GARBER

Count #: I

_____ Laundering monetary instruments.

_____ 18 U.S.C. § 1956 (a)(3)(B)

*Max. Penalty: **20 years Imprisonment.**

Count #: II

_____ Engaging in monetary transactions in property derived from specified unlawful activity.

_____ 18 U.S.C. § 1957

*Max. Penalty: **10 years Imprisonment.**

Count #:

FILED BY
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL. - MIAMI
00 DEC 15 PM 3 26

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

**U.S. ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF FLORIDA**
**INDICTMENT/INFORMATION/RULE 20 APPROVAL COVER SHEET**

UNITED STATES OF AMERICA

**00- 1122 CR - SEITZ**

MAGISTRATE JUDGE
GARBER

LIONS USAO NO. ___2000R02937___

v.

AUSA  RICHARD D. GREGORIE

_____IRVIN DAVID_____ / AF AUSA (if any) BARBARA PAPADEMETRIOU

**CHECK ALL OF THE FOLLOWING WHICH APPLY TO THIS CASE:**

__ Indictment          X  Information (Indictment Waiver Attached)
__ SEALED              ___ RULE 20
X  OCDETF - FC/FLS/ 0869  Operation Gold Rush
__ FIRREA Case
__ CORRUPTION Case (Federal/State/Local Official)
__ TRIGGERLOCK Case ___ TRIGGERLOCK Defendant _____
                                                        (Name(s))
__ VIOLENT CRIME Case  ___ SEXUAL ABUSE Case
__ OTHER (Boiler room case, attorney, doctor, insurance fraud)
       VICTIM/WITNESS CASE: NO X  YES _ (MUST check either yes or no)
       ESTIMATED NUMBER OF VICTIMS: Persons ___ Banks/Corps. ___ Govt. ___
       ESTIMATED NUMBER OF WITNESSES:___ (Persons subpoenaed)
__ AUSA SCRUGGS participated in this case/had supervisory authority over this case
__ AUSA KING participated in this case/had supervisory authority over this case

Reactive Case ____
Prosecution Memorandum Attached:     X  Yes __ Not Required
Asset Forfeiture Count:              X  Yes __ No (With concurrence of A/F AUSA)__ N/A
               (If yes, copy of indictment to Chief, Asset Forfeiture Division)
Arrest Warrant(s) Attached          __ Yes X  Not Required
Press Release Attached:             __ Yes __ Not Required
                                    __ Yes - But SEALED-DO NOT RELEASE UNTIL AUTHORIZED

Date and Time of Presentation:  _Friday December 15, 2000 @ 3:00 p.m. FGJ 00-03(MIA)_

       We have reviewed the attached indictment/information with regard to legal sufficiency and find it will
withstand a motion to dismiss for failure to state a crime.

Section Deputy Chief _____     _____
                                                            Date

Section Chief _____            _____
                                                            Date

Chief, Criminal Division/Managing Assistant _____  _____
                                                                                Date

First Assistant U.S. Attorney (If Required) _____   _____
                                                                                Date

United States Attorney (If Required) _____          _____
                                                                                Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.00-3631-TURNOFF

UNITED STATES OF AMERICA,
        Plaintff,

vs.

IRWIN DAVID
        Defendant.
_____/

    This cause came before the Court and pursuant to proceedings
held, it is thereupon

    **ORDERED AND ADJUDGED** as follows: Arraignment
on the above named defendant
is hereby reset to December 19,
2000, at 10:00 a.m. before the Duty
Magistrate.

**DONE AND ORDERED** at Miami, Florida this ____28th____ day of
NOVEMBER, 2000.

TAPE NO:00A-105-1331

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

c:  AUSA
    DEFENSE COUNSEL
    PRETRIAL SERVICES
    U.S. MARSHAL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 00-3631-TURNOFF

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

IRVIN DAVID,

        Defendant.

_____/

### DEFENDANT'S WAIVER OF PRELIMINARY HEARING
### AND SPEEDY INDICTMENT

**COMES NOW**, the defendant, Irvin David, by and through his undersigned counsel, and files this Waiver of Preliminary Hearing and Speedy Indictment. In support thereof, the defendant submits the following:

1.     The defendant, Irvin David, who has been released on bond pending trial, acknowledges that he is entitled to a preliminary examination before a United States Magistrate Judge within twenty (20) days of his initial appearance (that is, October 20, 2000), pursuant to Fed. R. Crim. P. 5(c). Notwithstanding the foregoing, the defendant hereby knowingly, intelligently and voluntarily waives his right to a preliminary hearing in the above-styled cause.

2.     The defendant also acknowledges that he is entitled to have an indictment charging him with the commission of an offense returned within thirty (30) days from the date on which he was arrested (that is, October 19, 2000), pursuant to Title 18, United States Code, Section 3161(b). Notwithstanding the foregoing, the defendant hereby knowingly, intelligently and voluntarily waives

his right to indictment for a period of sixty (60) days from the date on which he was arrested in the above-styled cause (that is, October 19, 2000).

    3.    The defendant acknowledges that (i) he has discussed the subject matter of this Waiver of Preliminary Examination and Speedy Indictment with the undersigned counsel, (ii) he understands the rights which he waives herein, and (iii) he agrees to grant the waivers set forth herein.

_____
Irvin David
Defendant

_____
Christopher Grillo, Esq.
Defense Counsel

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-3631-WCT

FILED by ___ D.C.
MAG. SEC.

OCT 3 0 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

UNITED STATES OF AMERICA,

vs.

Irvin David

_____

  This cause came before the Court and pursuant to proceedings

held, it is thereupon

  **ORDERED AND ADJUDGED** as follows:

  Upon request of the parties, and good cause being shown, the

_Preliminary / Arraignment_ is hereby reset to

_Nov. 21, 2000_ at _10:00 a.m._

before the Duty Magistrate Judge.

  **DONE AND ORDERED** at Miami, Florida this ___30th___ day of

___Oct.___, 2000.

TAPE NO: 00D- _(04-1_

_____
UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: AUSA
 Defense Counsel
 Pretrial Services
 U.S. Marshal

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                 MAG. CASE NO. #00-3631-Turnoff

    Plaintiff,

v.

IRVIN DAVID,

    Defendant.

_____/

FILED by _____ D.C.
MAG. SEC.

OCT 3 0 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

## STIPULATED MOTION TO RESET ARRAIGNMENT DATE

COMES NOW the Defendant, IRVIN DAVID, by and through his Undersigned Counsel,

and stipulated to by AUSA RICHARD GREGORIE, hereby request this Court reset the

Arraignment date in this matter, and as grounds for this motion would submit as follows:

1. The Defendant is present out on bond and set for Arraignment before this Honorable

Court on Monday, October 30, 2000 at 10:00 a.m.

2. The Defendant, IRVIN DAVID, by and through his Undersigned Counsel, along with

Assistant United States Attorney Richard Gregorie, would request this Honorable Court reset the

Arraignment date for approximately Thirty (30) days in order for them to continue to work on

various issues.

3. This motion is made in good faith and not for purposes of delay or for any other reason

not known to this Honorable Court.

WHEREFORE, for the foregoing reasons, the Defendant would pray this Honorable

Court grant this Motion and reschedule the arraignment date for approximately Thirty (30) days,

or for any other relief this Court deems just and proper.

I HEREBY CERTIFY that a copy of the foregoing Motion to Reset Arraignment Date has been provided by facsimile and U.S. Mail to Richard Gregorie, c/o the Office of the United States Attorney, 99 N.E. 4th Street, Miami, Florida, this 27th day of October, 2000.

Respectfully submitted,

CHRISTOPHER A. GRILLO, P.A.
Counsel for Accused
One East Broward Boulevard, #700
Fort Lauderdale, FL 33301
(954) 524-1125

CHRISTOPHER A. GRILLO, ESQ.
Florida Bar No. 302661

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                      MAG. CASE NO. #00-3631-Turnoff

     Plaintiff,

v.

IRVIN DAVID,

     Defendant.

_____/

## STIPULATED MOTION TO RESET ARRAIGNMENT DATE

     THIS CAUSE, having come before this Honorable Court on Defendant David's Stipulated

Motion to Reset Arraignment Date, and the Court being otherwise fully advised in the premises, it

is hereby;

     DONE AND ORDERED that said Motion to Reset Arraignment Date is hereby

_____.

     IT IS FURTHER ORDERED _____.

     DONE AND ORDERED in Dade County, Miami, Florida, this _____ day of October,

2000.

_____
WILLIAM C. TURNOFF
U.S. MAGISTRATE

Copies furnished to:

Richard Gregory, AUSA
Christopher A. Grillo, Esq.
Defendant (through counsel)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

    Defendant,

I͞RVI͞N  D͞AVI͞D

APPEARANCE BOND:

CASE NO.: 00-3631-Turnoff

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ 1,000,000.00 .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:

    16481 NE 29th Ave.

    N. Miami Beach, Fl. 33160

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal law.

TRIBUTION:
'HITE to Court file
LUE to defendant
REEN to Assistant U.S. Attorney
ELLOW to Counsel
NK to U.S. Marshal
OLD to Pretrial Services

SD/FM-2
REV. 7/90

DEFENDANT: _Irvin David_

CASE NUMBER: _____

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

✓ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

✓ b. Report to Pretrial Services as follows: _once in person twice by phone per week_

___ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

✓ d. Maintain or actively seek full-time gainful employment.

___ e. Maintain or begin an educational program.

___ f. Avoid all contact with victims of or witnesses to the crimes charged.

___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

___ h. Comply with the following curfew: _____

✓ i. Comply with the following additional special conditions of this bond: _Property cannot be encumbered. Travel permitted to New Jersey and travel permitted throughout USA once every two months, must Advise PTS prior to Travel._

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel

DEFENDANT: _IRVIN  DAVID_

CASE NUMBER: _____

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES.

iolation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the
rety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions
ay be declared by a judicial officer of any United States District Court having cognizance of the above entitled
atter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement
nount of the bond, together with interest and costs, and execution may be issued and payment secured as provided
y the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

ave carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read
me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all
the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to
rrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for
olations of the terms of the bond.
If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent
r the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

ned this _20th_ day of _October_ , 19 _2000_, at _____, Florida.

ned and acknowledged before me:                 DEFENDANT: (Signature) _____

TNESS: _CHRIS GRIllo_                           ADDRESS: _16481 NE 29th Ave_

DRESS: _1 E. Broward Blvd._                     _N. Miami Beach_  ZIP _33160_

_Ft Lauderdale_  ZIP _33301_                    TELEPHONE: _305-944-1800_

### CORPORATE SURETY

ned this _____ day of _____ , 19 ____ , at _____ , Florida.

RETY: _____                            AGENT: (Signature) _____

ADDRESS: _____                         PRINT NAME: _____

_____ ZIP: _____                     TELEPHONE: _____

### INDIVIDUAL SURETIES

ed this _____ day of _____ , 19 ____ , at _____ , Florida.

ETY: (Signature) _____                 SURETY: (Signature) _____

NT NAME: _____                         PRINT NAME: _____

ATIONSHIP                                         RELATIONSHIP

O DEFENDANT: _____                      TO DEFENDANT: _____

RESS: _____                            ADDRESS: _____

PHONE: _____                           TELEPHONE: _____

### APPROVAL BY COURT

_10/20/00_

_____

UNITED STATES MAGISTRATE JUDGE

IBUTION:
ITE to Court file
E to defendant
EN to Assistant U.S. Attorney
OW to Counsel

UNITED STATES OF AMERICA
SOUTHERN DISTRICT COURT

CASE NO. _OO-3631-Muenott_

UNITED STATES OF AMERICA,

v.

**NOTICE OF** ~~**TEMPORARY**~~ _permanent_
**APPEARANCE AS COUNSEL**

_I. DAVID_

COMES NOW _Christopher A. Grillo_ and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

obligations imposed by the Court such as **preparing** and **filing**

documents necessary to collateralize any **personal surety bond** which

may be set.

Counsel's Name **(Printed)** _Christopher A. Grillo_

Counsel's Signature _Chris A. Grill_

Address _1 E. Broward Blvd_

_Ft Lauderdale_   ZIP CODE: _33301_

Telephone _(954) - 524 - 1125_

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _00 - 3631- Turnoff_

UNITED STATES OF AMERICA

      Plaintiff,

v.

 IRVIN DAVID a/k/a
IRVING WEINBERGER

        Defendant.

**ORDER ON INITIAL APPEARANCE**

Language _____ENGLISH_____
Tape No. 00G - _86 -2699_
AUSA _William Bryan_
Agent _FBI-RANDAL GLASS (305)926-3173_

DOB:  1-20-51
Reg #  66492-004

The above-named defendant having been arrested on _10-19-00_ having appeared before the court for initial appearance on _10-20-00_ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Christopher Grillo_ appeared as permanent/temporary counsel of record.
   Address: _1 East Broward Blvd. Ft. Lauderdale, FL_
Zip Code: _33301_ Telephone: _954 534-1125_
2. _____ appointed as permanent counsel of record.
   Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2000.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am October 30_, 2000.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_, 2000.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: _Stipulated_
_$1,000,000 ps corporate Stipulated_

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
  ✓a. Surrender all passports and travel document to the Pretrial Services Office.
  ✓b. Report to Pretrial Services as follows:_2_ times a week by phone, _1_ time a week in person; other: _____
  _c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
  ✓d. Maintain or actively seek full time gainful employment.

## IRVIN DAVID a/k/a IRVING WEINBERGER

___e. Maintain or begin an educational program.

___f. Avoid all contact with victims of or witnesses to the crimes charged.

___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

___h. Comply with the following curfew: _____

___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

_✓_j. Comply with the following additional special conditions of this bond:

*Property cannot be encumbered; Travel permitted to New Jersey and also once every two months throughout USA for business, must have prior notification to PTS.*

This bond was set: At Arrest _____

On Warrant _____

After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is __

_____

_____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and    revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond    itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 20th day of October, 2000.

_____
**UNITED STATES MAGISTRATE JUDGE**
**WILLIAM C. TURNOFF**

c: Assistant U.S. Attorney
Defendant
Counsel
U.S. Marshal
Pretrial Services/Probation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA   00-36-31-Turnoff

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br>IRVIN DAVID aka<br>Defendant | CASE NO.<br>66492-004<br><br>REPORT COMMENCING CRIMINAL ACTION<br>Weinberger, Irving |

TO: CLERK'S OFFICE
U.S. DISTRICT COURT
All items indicated are to be completed. Information not applicable or unknown will be indicated as "N/A".

1. Date and time of arrest: 10/19/2000

2. Spoken language: ENGLISH

3. Offense(s) charged: 18 USC 1956

4. U.S. Citizen    [X] YES    [ ] NO    [ ] UNKNOWN

5. Date of birth: 01/20/51

6. Type of charging document: (Check One)
   [ ] INDICTMENT    [X] (COMPLAINT TO BE FILED)/ALREADY FILED
   CASE NO. N/A         CASE NO. N/A
   DISTRICT: SDF         (Where warrant or complaint is filed.)
   [ ] BENCH WARRANT FOR FAILURE TO APPEAR
   [ ] PROBATION VIOLATION WARRANT
   [ ] PAROLE VIOLATION WARRANT
   COPY OF WARRANT LEFT WITH BOOKING OFFICER:    [ ] YES    [X] NO
   AMOUNT OF BOND. N/A
   WHO SET BOND. N/A

7. REMARKS: N/A

8. DATE: 10/19/2000          9. RANDAL GLASS
                                ARRESTING OFFICER
10. AGENCY: FBI             11. (954) 926-5173
                                PHONE NO.

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

IRVIN DAVID

### CRIMINAL COMPLAINT

CASE NUMBER: OO - 3631 - Turnoff

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about October 19, 2000, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant did knowingly and intentionally conduct a financial transaction (as that term is defined in Title 18, United States Code, Section 1956(c)(3)) knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, that is, interstate and foreign travel or transportation in aid of a racketeering enterprise, that is, prostitution, in violation of Title 18, United States Code, Section 1952, and the Mann Act, Title 18, United States Code, Section 2421, knowing that the financial transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

I further state that I am a Task Force Agent with the Federal Bureau of Investigation (FBI), and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

_____
Signature of Complainant
JAY S. HUFF, TASK FORCE AGENT, FBI
October 20, 2000

Sworn to before me, and subscribed in my presence,

__October 20, 2000_____
Date

at __Miami, Florida_____
City and State

_____
Signature of Judicial Officer

__William C. Turnoff, U. S. Magistrate Judge__
Name and Title of Judicial Officer

## AFFIDAVIT

I, Detective Jay S. Huff, being duly sworn, do hereby depose and state as follows:

1. I am a Detective with the Miami-Dade Police department assigned to the Organized Crime Section. I have been employed by the Miami-Dade Police Department for fourteen years. I have been deputized by the Federal Bureau of Investigation (FBI) to enforce the laws of the United States pursuant to Title 21, United States Code, Section 878.

2. For the past year, I have been assigned to the investigation of organized criminal activity/groups, to include operations involving illegal trafficking, distribution, delivery, and/or possession of narcotics, as well as money laundering activity associated therewith. In addition, I have worked in conjunction with a multi-agency joint task force of federal and local law enforcement officers. My experience, detailed herein, will serve as the basis for any opinions or conclusions set forth below.

3. I have personally participated in the investigation of **IRVIN DAVID** (herein after referred to as **DAVID**), date of birth January 20, 1951, social security number 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. Based upon verbal and written reports provided to me by Special Agents of the FBI, agents, detectives, and officers of other federal, state, and local law enforcement agencies, and, information provided to me by informants and witnesses, I am familiar with the facts and circumstances of this investigation. The source of the information provided herein is from combined personal knowledge and information related to me by the above-referenced sources, unless otherwise specifically attributed.

4. This affidavit is intended to serve as the basis for probable cause to arrest **DAVID** and does not include all facts known to me or other members of law enforcement regarding this investigation.

5. **DAVID** is the owner of **PRESTIGE IMPORTS, 14800 Biscayne Boulevard, North Miami Beach, Florida** (herein after referred to as **PRESTIGE IMPORTS**). **PRESTIGE IMPORTS** is an apparent luxury and exotic automobile dealership, to include automobile imports and exports, conducting business in interstate and foreign commerce. It is believed that **DAVID** is engaging money laundering activity, that is, conducting financial transactions which involve the proceeds of specified unlawful activity, in this case, interstate and foreign travel or transportation in aid of a racketeering enterprise (that is, prostitution), in violation of Title 18, United States Code, Section 1952, and the Mann Act, Title 18, United States Code,

Section 2421, knowing that such financial transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity, all in violation of Title 18, United States Code, Section 1956 (a)(1)(B)(i).

6.   A confidential and reliable source of information (hereinafter referred to as CI1) who has been providing information to both federal and state law enforcement officers for approximately the past seven (7) months, and whose information has assisted in the state arrests of approximately four (4) individuals, the federal indictment and arrest of one (1) individual, and the federal arrests and pending indictments of two other individuals, has advised me that he/she knows of **DAVID** accepting cash for automobiles from local narcotics dealers. In addition, CI1 has introduced an undercover officer (hereinafter referred to as UC), to **DAVID**.

7.   UC is and has been a law enforcement officer within the Southern District of Florida for over twenty (20) years, and has served in an undercover capacity during numerous investigations. In these undercover roles, UC has predominantly acted as a wealthy Russian individual. In various federal investigations, UC has negotiated substantial transactions involving narcotics, weapons, interstate and foreign prostitution, and money laundering.

8.   In addition, a confidential and reliable source of information (hereinafter referred to as CI2) who has been providing information to both federal and state law enforcement officers for approximately one month, and who is currently incarcerated in Miami, Florida, has provided extensive information regarding the activities of **DAVID** and his operation of **PRESTIGE IMPORTS**. CI2 is an admitted, as well as previously state convicted, cocaine dealer. In October of 2000, CI2 pleaded guilty to violations of Title 18, United States Code, Sections 1956 and 1957, in connection with the laundering of narcotics proceeds via the cash purchase of an automobile from **PRESTIGE IMPORTS**.   CI2 and his/her estranged significant other (who was present during the purchase of the automobile from **PRESTIGE IMPORTS**) are currently cooperating with this investigation. CI2 and his/her significant other have advised that **DAVID**, with full knowledge of the source of CI2's cash, assisted CI2, who is of limited formal education, in the concealment of the purchase of the automobile from **PRESTIGE IMPORTS** and further facilitated the laundering of CI2's money. As a result of CI2's plea and cooperation agreement, the government forfeited the automobile CI2 purchased from **PRESTIGE IMPORTS**.

2

9.     During the course of this investigation, law enforcement officers conducted interviews of CI2 and his/her estranged significant other. In early 1999, CI2 entered **PRESTIGE IMPORTS** in anticipation of purchasing an automobile.  CI2 met with **DAVID** to negotiate the purchase of the vehicle.  CI2 explained to **DAVID** that CI2 wished to purchase the vehicle in cash, and wanted to eliminate any paper trail connecting the vehicle to CI2.  **DAVID** assured CI2 that the vehicle purchase could be completed without a paper trail. Both CI2 and his/her estranged significant other individually advised that **DAVID** personally directed the means by which to conceal ownership of the vehicle. Furthermore, CI2 advised that, during the negotiation of the purchase, CI2 conducted cocaine transactions with **PRESTIGE IMPORTS** employees.

10.     To conceal the purchase, CI2 provided **PRESTIGE IMPORTS** with a fraudulently obtained transport license plate from another automobile dealership with which CI2 had no affiliation. Further, CI2, utilizing a false social security number, allowed **PRESTIGE IMPORTS** to fraudulently list CI2 as a purchasing agent for the automobile dealership.  CI2 provided **DAVID** with in excess of two-hundred thousand United States dollars (U.S.$200,000).  **DAVID** took the cash to a back room in the business and counted the currency. **DAVID** then provided CI2 with various fraudulently altered documents.  As a result, CI2 purchased the vehicle in the name of the automobile dealership with which CI2 had no affiliation. Additionally, **DAVID/PRESTIGE IMPORTS** sold the automobile to CI2 under an "open" Manufacturers Statement of Origin (MSO).   The "open" MSO signified that title of the vehicle had been transferred to an automobile dealership as opposed to an individual.

11.     During the investigation of CI2, records of the transaction from **PRESTIGE IMPORTS** included an IRS Form 8300 listing CI2 as the individual from whom the in excess of U.S.$200,000 cash was received. Additionally, the IRS Form 8300 identified indicated that approximately three-quarters of the purchase price had been paid in one hundred United States dollar (U.S.$100) bills or greater, and approximately one-quarter of the purchase price had been paid in denominations of less than one hundred United States dollar (U.S.$100) bills.

12.     On or about October 10, 2000, CI1 met with **David** at **PRESTIGE IMPORTS** and conducted a consensually monitored conversation . CI1 told **DAVID** that CI1 had a Russian associate (a reference to UC) who would soon be returning to the United States from Russia. CI1 advised **DAVID** that UC was interested in the purchase and export of several vehicles. **DAVID** advised CI1 that he **(DAVID)** would meet with UC to discuss the purchase. During the

3

course of the conversation, CI1 advised **DAVID** that UC operated an enterprise in which UC brought women to the United States to be employed as exotic dancers and escorts.

13. On October 12, 2000, CI1 made a consensually monitored telephone call to **PRESTIGE IMPORTS** during which CI1 made an appointment with **DAVID** to meet CI1 and UC, that day, in reference to the purchase of the automobiles.

14. Later on October 12, 2000, CI1 and UC arrived at **PRESTIGE IMPORTS** for the appointment. Upon their arrival, CI1 and UC were met by **TONY D'ARGENZIO**, the business manager. **D'ARGENZIO** accompanied UC throughout the car lot, displaying the available vehicles. From the inventory, UC chose two (2) Rolls Royces, one (1) Bentley convertible, one (1) Mercedes 500, and one (1) Hummvee. The vehicle identification numbers (VIN) for these automobiles are as follows: (1) 1999 Rolls Royce, VIN SCALA61ESXCX01090, (2) 1999 Rolls Royce, VIN SCALA61E4XCX02426, (3) 1996 Bentley Bzurre, VIN SCBZK14COTCX53688, (4) 2000 Mercedes CL 500, VIN WDBPJ75JXYA002140, (5) 1999 Hummvee, VIN 137ZA8434XE184639.

15. After selecting the vehicles, UC returned to the showroom and subsequently met with **DAVID**. CI1 was asked to remain in the showroom while the UC and **DAVID** went to a private office to negotiate the sale of the automobiles. During the course of the negotiation UC advised **DAVID** that UC was in the business of bringing women to the United States from Russia for the purpose of prostitution. UC told **DAVID** that UC's girls made one-thousand United States dollars (U.S.$1,000) per night, of which the prostitute was paid four- to five-hundred United States (U.S.$400-500) dollars. **DAVID** was told that UC currently had thirty (30) girls working for UC in New York. UC asked **DAVID** what kind of paperwork UC would need to complete the transaction. **DAVID** responded, "nothing at all." **DAVID** explained that all **DAVID** needed was a person, or a company name. UC told **DAVID** that UC did not want to use a name. **DAVID** advised that UC did not have to sign anything, nor fill out any forms. **DAVID** advised UC that the purchase price for the vehicles UC had selected from the lot amounted to approximately $830,000. UC informed **DAVID** that UC was going to receive approximately five-hundred thousand United States dollars (U.S.$500,000) on or about October 18, 2000, from New York, and, that UC would bring the cash to **DAVID**, on that day, for the purposes of providing a down payment for the automobiles. UC advised **DAVID** that the remaining balance would be delivered on or about October 20, 2000. **DAVID** instructed UC to bring the cash in a briefcase, and that he (**DAVID**) would count it himself in a back office.

4

16.  **DAVID** told UC that he (**DAVID**) was additionally interested in utilizing UC's prostitutes to provide to automobile factory representatives visiting from the Audi manufacturer.  **DAVID** requested that, on the day of the deposit, UC bring photographs of the available prostitutes. **DAVID** and UC discussed the shipping of the vehicles to Russia. During this conversation, UC advised **DAVID** that he (UC) intended to sell the vehicles in Russia in order to return the vehicles/assets to cash. **DAVID** exclaimed to UC that he (**DAVID**) thought that UC had a good plan. When UC attempted to further explain, **DAVID** interrupted saying that he understood.

17.  On October 16, 2000, UC conducted a consensually monitored telephone call to **DAVID**. UC and **DAVID** discussed the impending meeting to deliver the deposit of five-hundred thousand United States dollars (U.S.$500,000).   In addition, UC advised **DAVID** that UC also wished to purchase a 1999 Lamborghini observed on the **PRESTIGE IMPORTS** premises. **DAVID** quoted UC a price for the vehicle. The VIN for the Lamborghini is ZA9DUZ1BXXLA12238. The total purchase price for the vehicles selected by UC is approximately 1.1 million United States dollars (U.S.$1,100,000).

18.  On October 18, 2000, UC conducted a consensually monitored telephone call to DAVID confirming that he (UC) would deliver the deposit for the vehicles to PRESTIGE IMPORTS on October 19, 2000.

19.  On October 19, 2000, UC and **DAVID** met at **PRESTIGE IMPORTS** to further discuss UC's prostitution business.  UC displayed to **DAVID** a book containing photographs of UC's purported prostitutes. **DAVID** inquired as to how UC avoided the purchase of the prostitutes by the customers.  UC explained that because the prostitutes' family remained in Russia, the prostitutes would not dare cheat UC. UC delivered four-hundred thousand United States dollars (U.S.$400,000) to **DAVID**, and **DAVID** and his secretary began to count the cash.  UC told **DAVID** that UC did not want UC's name to appear on "anything."  **DAVID** told UC that **DAVID** did not know UC's name. **DAVID** assured UC that only the name UC gave **DAVID** as the recipient of the automobiles in Europe would appear on the paperwork.

5

20. Based on the foregoing, I submit that probable cause exists to believe that **DAVID** engaged in money laundering activities and has concealed the proceeds of specified unlawful activity, that is, interstate and foreign travel or transportation in aid of prostitution, in violation of Title 18, United States Code, Section 1952, and the Mann Act, Title 18, United States Code, Section 2421, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

FURTHER YOUR AFFIANT SAITH NAUGHT.

Jay S. Huff
Task Force Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence at Miami, Florida, this _____ day of October 2000.

William C. Turnoff
United States Magistrate Judge
Southern District of Florida

6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No._____

**UNITED STATES OF AMERICA**

**V.**

**IRVIN DAVID**

_____/

## CRIMINAL COVER SHEET

1.   Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  _____ Yes  __X__ No.

2.   Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?  _____Yes  __X__ No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY:   _____*William H. Bryan III*_____
WILLIAM H. BRYAN III
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number 45012
99 N. E. 4th Street
Miami, Florida   33132-2111
TEL (305) 961-9280
FAX (305) 536-7213
E-MAIL ADDRESS: William.Bryan3@usdoj.gov